IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SAMANTHA WRIGHT, as Personal Representative of the Estate of ELLEN TAYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>MCG HEALTH, INC., and JAY RADHAKRISHNAN, M.D.<br><br>    Defendants. | Civil Action No.: |

# **COMPLAINT**
### (Jury Trial Demanded)

The Plaintiff, complaining of the Defendants, would respectfully show unto the Court and allege as follows:

### Parties, Jurisdiction, and Venue

1. The Plaintiff, Samantha Wright, is the duly appointed, qualified, and acting Personal Representative of the Estate of her mother, Ellen Taylor. Ms. Wright is a resident of County of Aiken, State of South Carolina.

2. At the time of her death, Ellen Taylor was a resident of the County of Aiken, State of South Carolina.

3. Upon information and belief, the Defendant MCG Health, Inc., is a corporation organized and existing under the laws of the State of Georgia and can be served through its appointed agent, Susan James, Esq., at 1120 15th Street BA 8255, Augusta, Georgia 30912. MCG Health, Inc. is a hospital in Richmond County, Georgia.

1

4. Upon information and belief, Jay Radhakrishnan, M.D., is a vascular and interventional radiologist who practices medicine in Augusta, Georgia and can be served at his office at 1120 15th Street BA 2702, Augusta, Georgia 30912.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as there is pure diversity of citizenship and because the amount of controversy exceeds $75,000.

6. Venue is proper in this division because the acts or omissions complained of took place in this division.

7. Pursuant to O.C.G.A. § 9-11-9.1, the Plaintiff has attached to this Complaint as Exhibit A, and incorporated by reference, the Affidavit of Norman Paul Khoury, M.D.

**Factual Allegations**

8. This is a medical negligence claim filed on behalf of the estate of Ellen Taylor for injuries that she sustained as a result of Defendants leaving a sponge in a port used for chemotherapy administration on or about December 11, 2014. This action is brought as a survival action only and Plaintiff does not claim that this medical negligence caused the death of Ellen Taylor.

9. In October, 2013, Ms. Taylor was diagnosed with endometriod endometrial adenocarcinoma and was started on chemotherapy.

10. As a result, she required the placement of a portacath that was placed in the right subclavian space.

11. This portacath was removed subsequently, and Defendant Jay Radharkrishnan, M.D., placed a portcath in the left subclavian space of Ms. Taylor on December 11, 2013. This portacath was for the administration of chemotherapy.

12. During that placement, Defendant Jay Radharkrishnan, M.D. and employees of Defendant MCG Health, Inc., failed to remove a 4x4 sponge (gauze) from the surgical site from Ms. Taylor.

13. On December 20, 2013, Ms. Taylor was admitted to the Aiken Regional Medical Center with symptoms of weakness, decreased appetite, and apparent infection. It was decided to remove the portacath on December 21, 2013 and a 4 x 4 sponge (gauze) was found in the surgical wound.

14. During this admission, Ms. Taylor was found to have developed significant anemia, hypokalemia, acute renal failure and a severe infection requiring intravenous antibiotics. Ms. Taylor was discharged on December 26, 2013. She also required extended wound care until her death.

### For a First Cause of Action
### (Negligence)

15. Plaintiff repeats and realleges the previous paragraphs as if fully restated herein

16. Defendants treated Ms. Taylor by placing a portcath in the left subclavian space.

17. The standard of care for surgery as established by the Affidavit of Norman Paul Khoury, M.D., is that safety protocols requiring cross checking of all foreign objects by physicians and hospital staff have all but eliminated the incidence of retained foreign bodies in surgical wounds.

18. In this regard, Defendants owed Ms. Taylor a duty to remove all foreign objects from the surgical site.

19. Foreign bodies left in surgical wounds breach the standard of care

20. Defendants breached the acceptable standard of care in leaving a surgical sponge in the wound at the conclusion of the December 11, 2013 operative procedure.

21. As a result of this breach, Ms. Taylor experienced significant anemia, hypokalemia, acute renal failure, severe infection, and the need for extended wound care as a direct and proximate result of this breach.

22. As a result, Ms. Taylor sustained medical bills and conscious pain and suffering as a result of this breach.

23. Accordingly, Plaintiff is entitled to recover damages on behalf of Ms. Taylor's estate as a result of the damages suffered by Ms. Taylor.

## Prayer for Relief

Wherefore, the Plaintiff demands the following:

a) Trial by Jury;

b) Actual and consequential damages in an amount to be determined by the jury;

c) Costs of this action; and

d) For such other relief as the Court may deem just and proper.

Respectfully Submitted, this 11th day of December, 2014.

    STROM LAW FIRM, LLC

    S/Mario A. Pacella
    Mario A. Pacella
    Ga. Bar No. 558519
    P.O. Box 1635
    Brunswick, Georgia 31521
    Tel: 912.264.6465
    Fax: 912.264.6470
    mpacella@stromlaw.com