IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMANTHA WRIGHT, as Personal Representative of the Estate of Ellen Taylor, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CIVIL ACTION NO.: 1:14-CV-00230-JRH-BKE |
| MCH HEALTH, INC., and JAY RADHAKRISHNAN, M.D., | * * * | |
| Defendants. | * * | |

**BRIEF IN SUPPORT OF DEFENDANT JAY RADHAKRISHNAN, M.D.'S PRE-ANSWER MOTION TO DISMISS COMPLAINT**

COMES NOW Jay Radhakrishnan, M.D., one of the Defendants in the above-styled case, and files this his Brief in Support of his Pre-Answer Motion to Dismiss Complaint pursuant to Rule 12 (b)(1) and (6) of the Federal Rules of Civil Procedure.

### I. OVERVIEW OF THE CASE

Plaintiff brought this medical negligence claim based on the injuries her mother, Ellen Taylor, allegedly received following a surgery performed by Dr.

Radhakrishnan in which he placed a port for administering chemotherapy in Ms. Taylor. (Complaint, ¶ 11). Plaintiff alleges that Defendants "failed to remove a 4 x 4 sponge (gauze) from the surgical site from Ms. Taylor," which Plaintiff alleges led to injuries and breached the applicable standard of care. (Complaint, ¶¶ 12, 20, 22).

At the time Dr. Radhakrishnan treated Ms. Taylor, he was an Associate Professor of Radiology with the Board of Regents of the University System of Georgia ("BOR") at Georgia Regents University. (Affidavit of Jay Radhakrishnan ("Radhakrishnan Aff."), attached as Exhibit 1, ¶¶ 1, 2).[1] Dr. Radhakrishnan's duties as a BOR employee/physician included instructing medical students, residents, and fellows, both in the classroom setting and through the clinical treatment of patients at facilities with whom BOR had a relationship. (Id. at ¶ 3). He was a full-time employee, received an annual salary from BOR for the clinical treatment he provided, and had entered into an employment agreement with BOR. (Id. at ¶ 4). Dr. Radhakrishnan's treatment of Ms. Taylor occurred during the

---

[1] Attached are certain documents that may be considered when ruling on this motion. Documents outside the pleadings may be considered when, as is the case here, there is a challenge to jurisdiction. Dillard v. Jones, 89 F. Supp. 2d 1362, 1368 (N.D. Ga. 2000).

course of his official duties as a BOR employee at a facility where he regularly practiced as a state-employed physician. (Id. at ¶¶ 5, 6).

## II. ARGUMENT AND CITATION OF AUTHORITY

Since Dr. Radhakrishan was a State of Georgia employee at the time of the alleged tortious acts described in Plaintiff's Complaint, Plaintiff's allegations against Dr. Radhakrishnan are, in reality, allegations against the State of Georgia. Claims against the State of Georgia and its employees and officials in federal court are barred by Eleventh Amendment Immunity. Additionally, even in state courts, Dr. Radhakrishnan, as a state employee acting within the scope of his official duties or employment for a state government entity (BOR), is immune from suit. O.C.G.A. § 50-21-25. Accordingly, Plaintiff's claims against Dr. Radhakrishnan should be dismissed as a matter of law.

A. **Plaintiff's Claims Against Dr. Radhakrishnan are Barred by Eleventh Amendment Immunity.**

The Eleventh Amendment bars actions against a state, absent a waiver by the state or a valid congressional override, when the state is the real party in interest or when any monetary recovery would be paid from state funds. Kentucky v. Graham, 473 U.S. 159, 169 (1998). The State of Georgia has not waived its Eleventh Amendment immunity. Indeed, the Georgia constitution and the Georgia Tort Claims Act ("GTCA") specifically preserve the State's immunity against

federal claims.  See, Ga. Const. art. I, sec., II, para., IX (f); O.C.G.A. § 50-21-23; Gamble v. Florida Dep't of Health and Rehab Servs., 779 F.2d 1509, 1511 (11th Cir. 1986).  Pursuant to the Georgia Constitution, "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers or employees by the United States Constitution. Ga. Const. art. I, sec. II, para. IX (e) and (f).

Eleventh Circuit and district court rulings in Georgia hold that the State has not waived its sovereign immunity from suit on state law claims brought in federal court.  See e.g., Manning v. Ellis, 2006 U.S. Dist. LEXIS 51426 at *10 (M.D. Ga. July 27, 2006), aff'd at 239 Fed. Appx. 473, 474 (11th Cir. 2007); Alyshah v. State of Georgia, 2006 U.S. Dist. LEXIS 66546 at **11, 12 (N.D. Ga. Sept. 1, 2006), aff'd at 230 Fed. Appx. 949 (11th Cir. 2007).  In Manning, the district court held that the "State defendants" were entitled to dismissal of the state law claims asserted against them for three reasons, one of which was "the legislature of the State of Georgia clearly has not waived Georgia's sovereign immunity for tort actions brought in the courts of the United States."  Manning, 2006 U.S. Dist. LEXIS at *10.  Similarly, in Alyshah, the district court held that the state law claims were "barred by sovereign immunity as well as the Eleventh Amendment," for "[t]he GTCA specifically preserves the State's sovereign immunity from suit

for tort claims filed in federal courts." Alyshah, 2006 U.S. Dist. LEXIS 66546 *11 (citing O.C.G.A. 50-21-23(b). See also, Polite v. Dougherty Cnty. Sch. Sys., 314 Fed. Appx. 180, 184 (11th Cir. 2008) (applying sovereign immunity to state law claims.).

Here, Plaintiff raises allegations concerning Dr. Radhakrishnan's medical treatment of Ms. Taylor in December of 2013. Dr. Radhakrishnan has attested to the fact that he was a BOR employee in December of 2013, that his official duties included the clinical treatment of patients, and that he treated Ms. Taylor as part of his official duties as a BOR-employed physician. (Radhakrishnan, ¶¶ 1, 2). Physicians who are employed by BOR and who are performing their "regular duties of their employment, during their regular hours of employment, at their regular site of employment," are considered to be "acting within the scope of their employment." Shekhawat v. Jones, 293 Ga. 468, 474 (2013); Cook v. Forrester, 323 Ga. App. 631 (2013). Thus, Dr. Radhakrishnan's treatment of Ms. Taylor was within the course of his official duties or employment for the State (BOR). Since the State of Georgia has not consented for it or its employees to be sued in federal court on any state law claim, Dr. Radhakrishnan, as a state employee, is entitled to Eleventh Amendment immunity and sovereign immunity with regard to the Plaintiff's claim asserted against him in this case.

B.  **Plaintiff's Claim Would be Barred Even in State Court.**

Even if Plaintiff's medical negligence claim against this Defendant had been brought in state court, it still would be barred for lack of subject matter jurisdiction pursuant to the GTCA. The Georgia Constitution provides that "[t]he sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. art. I, sec. II, para. IX (e). In 1992, the General Assembly enacted the GTCA. See O.C.G.A. § 50-21-20, et seq., Datz v. Brinson, 208 Ga. App. 455, 455-56 (1993). Sovereign immunity raises the issues of the trial court's subject matter jurisdiction, and a waiver of sovereign immunity must be established by the party seeking to benefit from that waiver. Department of Transp. v. Dupree, 256 Ga. App. 668, 671 (2002); Sherin v. Department of Human Res., 229 Ga. App. 621, 625 (1997); Koehler v. City of Atlanta, 221 Ga. App. 534 (1996); Board of Regents of the Univ. Sys. v. Daniels, 264 Ga. 328 (1994).

By its own terms, the GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). Further, the GTCA is the exclusive, self-contained expression of the General Assembly's *limited waiver* of the State's sovereign immunity. As such, "it is declared to be the

public policy of this state that the state shall only be liable in tort actions within the limitations of this article [the GTCA] and in accordance with the fair and uniform principles established in this article [the GTCA]. O.C.G.A. § 50-21-21(a); O.C.G.A. § 50-21-23.

Under the GTCA "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). This code section requires that a plaintiff "name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).[2] In determining whether an individual defendant is entitled to immunity under the GTCA, the Georgia Court of Appeals uses a three-part test. Hardin v. Phillips, 249 Ga. App. 541 (2001). Specifically, the Court considers: (1) whether the GTCA applies to the action; (2) whether the defendant was a state employee; and if so, (3) whether the defendant's actions were committed within the scope of his employment. Hardin, 249 Ga. App. at 543. "What constitutes actions taken within the scope of official duties or

---

[2] Section 50-21-25, by its terms, requires that if a state officer or employee is sued individually in a tort action, the state government entity for whom he or she was acting must be substituted as the party defendant. However, such substitution in the present case would be futile as the state government entity for whom Dr. Radhakrishnan was acting (BOR) cannot be sued in federal court on a state law cause of action, due to the State's Eleventh Amendment immunity.

employment under the GTCA is [] broadly construed." Ferrell v. Young, 323 Ga. App. 338, 343 (2013); see, e.g., Shekhawat, 293 Ga. 468, *supra*; Cook, 323 Ga. App. 631, *supra*; Ridley v. Johns, 274 Ga. 241, 242-43 (2001); Tootle v. Cartee, 280 Ga. App. 428, 430-31 (2006); Wang v. Moore, 247 Ga. App. 666, 667-70 (2001); and Coultas v. Dunbar, 220 Ga. App. 54, 57-58 (1996). Here, it is indisputable that the action occurred well after the passage of the GTCA and, therefore, the GTCA is applicable to this lawsuit. Additionally, Dr. Radhakrishnan has attested to the fact that he was employed by BOR during the relevant time period and, therefore, he was a state employee at the time of the acts alleged in Plaintiff's Complaint. (Radhakrishnan Aff., ¶ 1).

As discussed *supra*, when considering the issue of whether a state-employed physician was "acting within the scope of [his] employment in rendering the medical care at issue," for purposes of the GTCA, the court should consider whether the physician was performing his "regular duties" of employment. Shekhawat, 293 Ga. at 468, 474. In reaching the conclusion that the state-employed physicians in Shekhawat were acting within the scope of their official state duties or employment, the Georgia Supreme Court relied on, in addition to other evidence, the physicians' sworn affidavits in which they attested to having provided the medical treatment within the course of their official duties or

employment. Id. at 474. Likewise, in Cook, the Georgia Court of Appeals found that the state-employed physicians were acting within the scope of their official duties while they were acting as medical directors and physicians at an affiliated facility. Indeed, the Court found that the scope of employment issue was "easily resolved because … it is clear from the record that Dr. Cook and Dr. Wynn were full-time faculty members at MCG who were performing the regular duties of their employment, during their regular hours of employment, at their regular site of employment." Cook, 323 Ga. App. at 637. (Internal quotations omitted).

Here, under the same analysis used in Shekhawat and Cook, Dr. Radhakrishnan is entitled to official immunity under state law. Specifically, at the time he provided the medical treatment that is the subject of Plaintiff's lawsuit, he was employed as an Associate Professor of Radiology with the BOR at Georgia Regents University. (Radhakrishnan Aff., ¶¶ 1, 2). He was a full-time BOR employee, received an annual salary from BOR, and had an entered into employment agreement with BOR. (Id. at ¶ 4). As an Associate Professor of Radiology at Georgia Regents University, his duties included instructing medical students, residents, and fellows, both in the classroom setting and through the clinical treatment of patients at facilities with whom BOR had a relationship. (Id. at ¶ 3). Dr. Radhakrishan treated Ms. Taylor at Georgia Regents University, which is

a facility where he regularly practiced as a BOR physician. (Id. at ¶ 5). Further, Dr. Radhakrishnan attested to the fact that "[a]ll actions taken by me with regard to my medical treatment of Ms. Taylor occurred within the course of my official duties or employment for BOR." (Id. at ¶ 6). Thus, just as the state-employed physicians in <u>Shekhawat</u> and <u>Cook</u> were found to be officially immune, Dr. Radhakrishnan is also immune and should be dismissed from this action.

### III.  CONCLUSION

For the foregoing reasons, Dr. Radhakrishnan respectfully requests that this Court grant his Pre-Answer Motion and dismiss the Complaint against him, casting all costs upon Plaintiff and granting such other relief as it sees fit.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

/S/ LORETTA L. PINKSTON

LORETTA L. PINKSTON      580385
Senior Assistant Attorney General

/S/ KIRSTEN S. DAUGHDRIL

KIRSTEN S. DAUGHDRIL     633350
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

KIRSTEN S. DAUGHDRIL
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3370
kdaughdril@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of February, 2015, electronically filed this **MOTION TO DISMISS IN LIEU OF ANSWER ON BEHALF OF DEFENDANT JAY RADHAKRISHNAN, M.D.** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**MARIO A. PACELLA**
**STROM LAW FIRM, LLC**
**P O BOX 1635**
**BRUNSWICK GA 31521-1635**
mpacella@stromlaw.com

and that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/ Loretta L. Pinkston
Senior Assistant Attorney General

/s/ Kirsten Daughdril
Senior Assistant Attorney General

Attorneys for Defendant
Jay Radhakrishnan, M.D.

40 Capitol Square, S. W.
Atlanta, GA   30334-1300
Telephone:  (404) 656-3370
Facsimile:   (404) 651-6920
kdaughdril@law.ga.gov